# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 2:09-CR-0493-RLH-RJJ |
| vs. | ) | **O R D E R** |
| ERIC GRIFFIN, | ) | (Clarification of Order #123) |
| Defendant. | ) | |

On October 15, 2010, this Court ordered the appointment of Karen Winckler, Esq. To "review Order #123 and determine if it is appealable." That review has been accomplished and Ms. Winckler's report filed with the Court under seal. The conclusion of that report is that because of some of the vague language in Order #123, Griffin has appealable issues if Order #123 is interpreted to authorize "forced medication" to bring Griffin to a mental state where he is capable of assisting counsel in his defense. The Order neither specifically authorizes forced medication nor does it prohibit it.

Defendant Griffin has filed an appeal *pro se*, but the scheduling has not gone forward. Rather than pursue an appeal prematurely, the Court will order a reconsideration of the issue of incompetency and clarify Order #123 to merely require an evaluation of competency and the necessity of administering medication, for use at a hearing to be held at the appropriate time to consider the factors required by *Sell v. United States*, 539 U.S. 166 (2003) and *United States v. Ruiz*, ___F.3d_____, 2010 WL 3720211 (9th Cir. September 24, 2010).

/ / / /

BACKGROUND

Defendant Griffin was indicted, together with others, on December 1, 2009, on the charge of Attempted Bank Robbery by force or coercion. The Federal Public Defender was appointed to represent him. Following his plea of not guilty and the order of detention pending trial, Griffin filed 18 pro se motions over a period of a month, including motions: to arrest everyone involved in a wiring device used to torture him; for dismissal due to prosecutorial misconduct; medical attention to clear him of allegations of mental illness; to dismiss because of a newspaper article about the robbery and his arrest; to dismiss counsel; to take a polygraph test; to summon hostile witnesses to testify about matters that would set Defendant free; to permit a jury to hear all his motions; to refer the case to the House of Representatives for prosecution; dismissal for court error for not hearing his motion within 24-48 hours; to issue arrest warrants against all those who are improperly breaking the law by prosecuting him; that exports from China be summoned to assist Griffin in his investigation; to suppress a psychologist evaluation of him; and to dismiss because of prejudice due to counsel. Thereafter, the Government moved for a psychologist evaluation on January 22, 2010, which was granted.

A psychological evaluation was conducted at the Metropolitan Detention Center in Los Angeles, California. It is dated June 3, 2010, and was filed under seal June 14, 2010. The evaluation concluded that Griffin has a long standing mental illness, specifically a Delusional Disorder, which significantly interfered with his ability to appreciate the nature, quality and wrongfulness of his actions.

On August 6, 2010, the Magistrate Judge convened a competency hearing (#119). On September 14, 2010, the Magistrate Judge filed Order #123, setting forth a summary of the evidence, including the written psychological evaluation, and testimony at the hearing and ordered that Griffin be "committed **FORTHWITH** to the custody of the Attorney General for hospitalization **for treatment in a suitable federal facility** for such reasonable period, not to exceed four months as is necessary to determine whether there is a substantial probability that in the foreseeable

future he will attain the capacity to permit the trial to proceed."

Griffin's counsel and Griffin contested the finding at the hearing and, following the hearing, Griffin filed a Notice of Appeal via email to the Ninth Circuit Court of Appeals (#124, on September 14, 2010). The undersigned learned of the Magistrate Judge's Order #123 the next day, September 14, 2010, at calendar call, and continued the matter for one month to allow the parties time to review the Order. On October 13, 2010, Griffin's counsel (a different Assistant Federal Public Defender) informed the Court that Griffin wished to appeal and that the Public Defender had "decided not to appeal," requesting independent counsel to be appointed to review Order #123. The Court appointed Karen Winkler, Esq., to review the Order to determine whether an appeal was available and she reported to the Court as described above.

REVIEW OF ORDER #123 AND CLARIFICATION OF THE ORDER

The Court has reviewed *de novo*, the findings of the Magistrate Judge, and finds that there is clear and convincing evidence that "Griffin suffers from a mental disorder, Delusional Disorder, that significantly impairs his present ability to understand the nature and consequences of the court proceedings against him, or his ability to properly assist counsel in his defense, . . . because he lacks the ability to set aside his delusions. . . ."

Unfortunately, the word "**treatment**" in the order of hospitalization is subject to various interpretations, including an interpretation that the persons providing treatment have the authority to force him to take medication against his will to determine if the medication will render him competent to stand trial. The Order does not specifically order enforced medication, but neither does it prohibit it. Accordingly, the treatment runs the risk of violating Griffin's rights enumerated in *Sell* and *Ruiz*. Accordingly, the Court will clarify Order #123 by giving more specific direction to the medical providers and evaluators regarding the limits of their "treatment."

*Sell v. United States, supra*, finds that a defendant cannot be ordered involuntarily to take antipsychotic drugs solely to render him competent to stand trial without consideration of important questions. Those questions are:

1. Is there an important governmental interest at stake?

2. Will the involuntary medication *significantly further* the governmental interest in #1 above and, at the same time, is the medication unlikely to have side effects that will interfere significantly with the defendant's ability to assist counsel in conducting a trial defense, thereby rendering the trial unfair.

3. Is the involuntary medication *necessary* to further the interest, *i.e.*, are any alternative, less intrusive treatments unlikely to achieve substantially the same results.

4. Is the administration of the drugs *medically appropriate*, *i.e.,* is it in the patient's best medical interest in light of his condition.

The *Sell* court found that bringing to trial an individual accused of a serious crime is an important governmental interest. This Court finds that bringing Griffin to trial for attempted bank robbery by force or intimidation is a serious crime, and question #1 is answered in the affirmative. In *United States v. Ruiz*, supra, the Ninth Circuit Court of Appeals held that the district court did not err in finding an important governmental interest where the defendant was charged with illegal reentry into the United States. Here, the attempted bank robbery was purportedly initiated by presenting a false search warrant to the bank and demanding all the money in the bank pursuant to the search warrant. One of the attempted robbers was then ordered by Griffin to place handcuffs on the bank manager and threatened to execute the manager if he did not comply with the search warrant. Surely, the crime charged constitutes a serious crime.

Order #123 fails to adequately and clearly explain the type of "treatment" to be given Griffin, or the parameters of that treatment. This Order is intended to clarify that Order, and is directed to the facility to which Griffin has been transported. The time parameters of Order #123, that the treatment and examination of Mr. Griffin shall not exceed four months beginning on the date of his arrival at the facility, remain in place.

IT IS THEREFORE ORDERED that Defendant Griffin shall not be administered any medications involuntarily, except as necessary for his protection or the protection of others.

IT IS FURTHER ORDERED that the designated facility shall undertake an evaluation and report to determine whether any recommended  medication will *significantly*  bring

Griffin to a mental state where he is competent to stand trial and capable of assisting counsel in his defense at the same time, and whether the medication is unlikely to have side effects that will interfere significantly with the defendant's ability to assist counsel in conducting a trial defense, thereby rendering the trial unfair.

IT IS FURTHER ORDERED that the designated facility shall undertake an evaluation and report to determine whether any recommended medication is *necessary to* bring Griffin to a mental state where he is competent to stand trial and capable of assisting counsel in his defense at the same time.

IT IS FURTHER ORDERED that the designated facility shall undertake an evaluation and report to determine whether any recommended medication is *medically appropriate* to bring Griffin to a mental state where he is competent to stand trial and capable of assisting counsel in his defense at the same time.

IT IS FURTHER ORDERED that upon receipt of the report, which is to be delivered to the Court and counsel for both sides, a hearing will be set to determine whether to administer the proposed medication, and if necessary, set a new trial date. At that hearing, Defendant Griffin will be permitted to present evidence in opposition to the report.

IT IS FURTHER ORDERED that, in addition to a copy of this Order being provided to counsel, a copy of this Order shall be delivered to the Defendant at the facility where he is presently located, to the Ninth Circuit Court of Appeals, to Karen Winckler, Esq., and to the facility where he is presently held.

IT IS FURTHER ORDERED that the review and report of Karen Winckler, Esq., filed herein under seal, be unsealed.

Dated: November 5, 2010.

_____
Roger L. Hunt
Chief United States District Judge

5