# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 2:09-cr-0493-RLH-RJJ |
| Plaintiff, ) | |
| ) | **O R D E R** |
| vs. ) | (Re:Various Pro Se Motions) |
| ) | |
| ERIC GRIFFIN, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Defendant Eric Griffin has been evaluated at the U.S. Medical Center for Federal Prisoners in Springfield, Missouri. He has previously been found to be incompetent to stand trial. He was recently evaluated to see if he would consent to medication in an effort to restore him to competence to stand trial, or if he refused, could be returned to competence without the use of medications. The report of Lea Ann Preston Baecht, Ph.D., staff psychologist is that he refuses to take medication, that he remains incompetent to stand trial without medication, and, that it is likely that through appropriate medication he could be restored to competence sufficient to permit him to stand trial. A hearing will be held to determine if he meets the criteria to require the administration of medication against his will.

Meanwhile, Defendant Eric Griffin has filed, and continues to file, motions which are in violation of Local Rules, moot, spurious, or otherwise without merit. The Court will address each, by reference to the docket number (*e.g.,* #23) of the motion.

Initially, the Court finds that:

    a.    The motions identified below were filed in proper person by Defendant Griffin.

1      b.    Defendant Griffin is represented by an Assistant Federal Public
2          Defender.
3      c.    Local Rule LR IA 10-6 states in part "a party who has appeared by an
4          attorney cannot while so represented appear or act in the case [in
5          proper person]."
6      d.    Therefore, all the motions are subject to being denied/stricken for the
7          foregoing reasons.

**#131 Emergency Motion requesting Appellant Counsel to be Assigned to Petitioner**

In addition to the above, the appeal for which he seeks counsel has already been dismissed by the Circuit Court of Appeals (see #156), so this motion is also moot, and is DENIED for those reasons.

**#134 and #141 (which is a duplicate of #134) Emergency Injunction Due to Denial of Emergency Dental Treatment Needed for Defendant**

In addition to the above, the motions are primarily complaints about his attorney, who is no longer his attorney, another attorney having been assigned. The motions are without merit and are DENIED for those reasons.

**#139 Motion to Dismiss Indictment Due to Brady Material violation and ineffective counsel**

In addition to the violations of the Local Rule referred to above, many of these motions continue to complain that counsel is ineffective because the attorney has not done what Mr. Griffin thinks should be done. He has been given another attorney, who has represented Mr. Griffin with vigor. There is no showing here or in the other motions that counsel has done, or failed to do, anything that supports a finding of ineffective assistance of counsel. Both present counsel and the former counsel have been vigorous in their defense and representation of Defendant Griffin. In addition, a separate and independent counsel was appointed by the Court to determine the appealability of the order to submit to another psychiatric evaluation. The alleged Brady violations refer to the failure to produce federal agents and the CIA to prove his claims that he is not delusional. He

1   refers to the testing of some unnamed weapons since 1996 which he alleges could prove that he was
2   not delusional (suggesting that those weapons were being used on him to make him appear
3   delusional).  The motion is spurious.  For the foregoing reasons, the motion is DENIED.

**#140 Motion for Release on Own Recognizance**

In addition to the violation of the Local Rule referred to above, this motion is entirely spurious.  He claims that he should be released because "the peoples own doctors and agents of the secret service" have stated that he does not need to be in jail or prison.  The motion claims he "is a major Positive Factor to the people of this country, and other countries around the world. . . ."  He claims the leaders of some unknown groups are willing to testify and give letters of support of the good work he has been doing for people in this country.  The motion is DENIED.

**#149 Motion to Dismiss Indictment Based on Ineffective Counsel**

In addition to the violation of the Local Rule referred to above, Defendant complains that his attorney has failed to ensure that he receives his mail from the Court, and that there have been improper delays in his case and he has been denied proper medical treatment, claiming the Magistrate Judge agreed that he should be in a suitable place other than prison.  He refers, apparently, to the hearing by the Magistrate Judge wherein he was referred to a medical facility for a psychological evaluation. Nowhere in that hearing did the Magistrate Judge or the doctors make the statements which Defendant Griffin claims.  For all those reasons, the motion is DENIED.

**#154 Emergency Motion to Dismiss Counsel**

In addition to the aforesaid violations, this motion is moot.  Ms. Rosenstein, who was his counsel at the time, is no longer his counsel.  She was replaced by Jason Carr some time ago. Mr. Carr is a capable attorney and vigorously defends all his clients, including Mr. Griffin. The motion is DENIED as moot, and for being in violation of Local Rule LR IA 10-6.

**#160 Interlocutory Appeal and Motion to Vacate Judgment of Civil Commitment**

First, this motion is also in violation of the aforesaid Local Rule.  Second, Defendant Griffin is not the subject of a civil commitment.  He was referred for a psychological evaluation of

1 his competence to stand trial in a criminal trial in which he is charged with Attempted Bank
2 Robbery.  Third, he based the motion on Rule 60(b)(d)(3), which does not exist, and the Uniform
3 Commercial Code, and the United Nations Charter, none of which are applicable here.  He argues
4 that he was unduly arrested for the robberies, and that others are the guilty parties.  The motion is
5 without foundation, spurious, and totally without merit.  It is DENIED.

**#165 Notice of Defence[sic] Thats[sic] Being Used of Outrageous Prosecutory Conduct and Diminished Capacity Defence[sic]–Motion for Disposition Hearing**

In addition to the Local Rule violation mentioned above, this is the most spurious and irrational motion to date.  Griffin makes reference to an NBC report that two high-ranking soldiers reported that pysopisis[sic] was used on senators by high-ranking military officials "which backs up Defendants claims of being victimized by psopisis weapons. . . ."  He claims that this "also backs up [his] and Company Davidson Inc. Contract to make a counter weapon that was to protect citizen, senator, and victims of F.F.C.H.S." and that the present and former Presidents of the U.S. ordered that the weapons not be made so that citizens and others, including Griffin would not be protected.  Accordingly, he demands he needs every person and the head of each group mentioned to testify on the record to their claims and he needs General Petraus to testify about all this at his competency hearing.  Failure to do so, he contends constitutes prosecutorial misconduct and malicious prosecution and the withholding of favorable evidence of his behalf.  If anything, the motion is evidence of Defendant Griffin's delusional state of mind.
The motion is DENIED.

IT IS SO ORDERED

Dated: March 4, 2011.

_____
**Roger L. Hunt
Chief United States District Judge**