# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 2:09-cr-0493-RLH-RJJ |
| Plaintiff, ) | |
| ) | **O R D E R** |
| vs. ) | (Motion to Suppress–#207) |
| ) | |
| ERIC GRIFFIN, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Defendant Eric Griffin has once again filed a motion in *pro se*, in violation of the Local Rules. The motion is entitled **Motion to Subpress[sic] Experts Testimony of Dr. Preston. Motion for Counsel Jason Carr to Adopt and Perfect This Motion** (#207, filed August 18, 2011).

The Motion will be denied as totally without merit, and, because it is improperly filed by a defendant who has appointed counsel, notwithstanding Defendant Griffin asks his attorney to adopt his motion.

Local Rule LR IA 10-6 (a) states that "a party who has appeared by attorney cannot while so represented appear or act in the case."

Moreover the substance of the motion is that a document Griffin attributes to Dr. Preston (Dr. Lea Ann Preston Baecht, Ph.D) states that he did not request witnesses at a hearing conducted by Dr. Gariety on December 9, 2010, while the Notice of Hearing indicates that the inmate does desire witnesses.

///

1

1   The first document does not bear Dr. Preston's (Baecht's) signature but does say that
2 she gave him notice of the hearing, which notice says he did, in fact, request witnesses.
3   Griffin claims that at the hearing before this Court on August 11, 2011, Dr. Preston
4 made a statement that "Mr. Griffin never tried to provide Dr. Preston with any evidence are[sic]
5 witnesses for her to get proof of Mr. Griffin claims. . . ." Without reviewing a transcript of the
6 hearing, it is sufficient to say that whether Dr. Preston/Baecht made a mistake or lied as to one point
7 does not justify striking her entire testimony or holding her in contempt.  The Court, not Mr. Griffin,
8 will determine who and what to believe and what to discount.  It will also determine what weight to
9 give to any testimony by any witness.
10   Griffin does not have the authority to bring charges of perjury against the doctor, and
11 she certainly has not been found guilty of perjury.  Counsel may point out to the Court discrepancies
12 in testimony and the evidence before it, but the Court will not make a determination of whether Dr.
13 Preston/Braecht committed perjury, and certainly will not strike all her testimony.
14   IT IS THEREFORE ORDERED that Defendant Griffin's **Motion to Subpress[sic]**
15 **Experts Testimony of Dr. Preston.  Motion for Counsel Jason Carr to Adopt and Perfect This**
16 **Motion** (#207) is DENIED in all respects.
17   Dated: August 22, 2011.

_____
**Roger L. Hunt
United States District Judge**

2