UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. 2:09-cr-493-RLH-RJJ |
| vs. | ) | **O R D E R** |
| | ) | (Motion for Appointment of Counsel–#168) |
| ERIC GRIFFIN, | ) | (Motion for Relief from Pretrial Detention–#177) |
| Defendant. | ) | (Motion for Contempt Hearing–#179) |
| | ) | (Motion for Permanent Injunction–#181) |
| | | (Motion to Dismiss Indictment–#186) |
| | | (Motion for Own Recognizance–#213) |
| | | (Motion to Dismiss Indictment–#214) |
| | | (Motion for Medical Transfer–#218) |
| | | (Motion to Dismiss Counsel–#226) |
| | | (Motion to Produce Test–#227) |
| | | (Motion to Dismiss Indictment–#228) |

   Before the Court is another batch of, for the most part, frivolous and improper motions by Defendant pro se. They will be addressed and summarily denied summarily.

   Local Rule LR IA 10-6(a) states that "a party who has appeared by attorney cannot while so represented appear or act in the case." The motions are subject to denial on that ground alone. Furthermore, many of the motions identified above have been brought previously, some more than once, and denied.

   **Motion for Appeal Counsel for Defendant** (#168, filed March 9, 2011). Griffin has appeal counsel who is actively and aggressively pursuing his appeals. The Motion is moot and hereby DENIED.

/ / /

1  **Motion for Relief from Pretrial Detention**, characterized as Petition for Habeas
2  Corpus, (#177, filed March 31, 2011).  There is no basis for the relief requested.  Griffin has filed
3  several appeals since this motion was filed which have all been dismissed.  He has been declared
4  incompetent and is charged with a crime of violence.  Nothing has changed to cause the Court to
5  reconsider the order of pretrial detention.  This Motion is DENIED.

6  **Emergency Motion for Contempt Hearing En Banc** (#179, filed April 6, 2011).
7  Griffin asks the Court to hold itself in contempt because the "evidence shows and states Mr. Griffin is
8  innocent of any crime."  This motion crosses the threshold of ridiculous. It is DENIED.

9  **Emergency Motion for Permanent Injunction** (#181, filed April 6, 2011).  This
10 Motion asks that the Corrections Corporation of America be forced to investigate his claims that his
11 detention is illegal.  He threatens them with a lawsuit of they do not comply.  This Motion is totally
12 without merit and is hereby DENIED.

13 **Motion to Dismiss Indictment due to Outrageous Government Misconduct** (#186,
14 filed May 24, 2011).  Griffin identifies the outrageous conduct as the Government's failure to advise
15 the Grand Jury that prior to this "incident" (the attempted bank robbery), he was receiving SSI for a
16 so-called mental illness and physical disability.  He also claims the Government has ordered his
17 attorney not to file motions or investigate this matter.  All of these claims are without merit or
18 support.  The Motion is Denied.

19 **Motion for Own Recognizance Hearing** (#213, filed September 2, 2011).  Similar
20 motions have been brought and denied before.  Just because the doctors do not believe he poses a
21 danger to himself or others while at the federal medical facility does not justify a change in his
22 detention status.  The Motion is DENIED.

23 **Motion to Dismiss Indictment** (#214, filed September 9, 2011).  This motion is based
24 on a claim that "agents" of the prosecutor's team have refused to allow him access to mail from his
25 attorney, Jason Carr.  There is no evidence from his attorney that any mail is not getting through.
26 Furthermore, the prosecutors have no authority at the detention facility to prevent Griffin's mail.  The

1 Motion is DENIED.

2       **Emergency Motion for Medical Transfer** (#218, filed September 16, 2011).  Aside
3 from the fact that this motion is pro se, and his attorney has made a similar motion, Griffin claims he
4 should be returned to the medical facility where the doctors have asserted that he needs to be, and it is
5 medically proper for him to be forcibly medicated to restore him to competence.  While the Court will
6 likely address his attorney's request in this regard, it will await any response or opposition by the
7 Government before making the decision.  However, this motion, claiming that by retaining him here
8 he is subjected to cruel and unusual punishment, ignores that he was brought here for the purpose of
9 holding a hearing on the subject of whether he should be forcibly medicated, and remains here
10 because he has appealed this Court's decision.  In fact, the delays he claims have violated his rights
11 have been caused by his own actions and the Court's attempts to protect his rights.  This motion is
12 hereby DENIED, without prejudice to address the issue through the proper motion brought by his
13 counsel.

14       **Motion to Dismiss Counsel** (#226, filed September 29, 2011).  Griffin claims, without
15 any supporting documentation (such as a copy of the complaint, or even a case number) that he has
16 sued his present counsel so there is a conflict of interest and counsel must be dismissed.  Jason Carr is
17 one of the most conscientious attorneys in the Federal Public Defender's Office.  He has pursued this
18 case with all diligence, representing Mr. Griffin with vigor.  It would be a disservice to Griffin, and
19 there is no basis to dismiss him as counsel for Defendant.  This Motion is DENIED.

20       **Motion to Produce Both 500 Question Test by MDCLA and Dr. John (unread-**
21 **able)** (#227, filed October 18, 2011).  Griffin claims that he had to take this 500-plus question test
22 twice, once for the MDCLA and once for his attorney's expert, and that he deliberately made answers
23 that was not what he really believes, on one of the tests, to show that no matter what he said, they
24 would both come to the same conclusions.  He claims that his attorney has the questions and answers
25 to both tests and he demands the Court order his attorney to provide him copies so he can have his
26 family obtain another expert to evaluate these test results, and show that the Court has tampered with

the evidence to deprive him of his rights and call him mentally ill when he is not. He does not identify any expert, nor does he request that his counsel provide anyone in particular copies of the questions. There is no basis for merely supplying them to Defendant so he can claim he is the expert and bring more motions to argue his position. When, and if, he can identify an expert who is qualified to examine the documents further, the Court might consider directing his counsel to provide that information to the expert.

The Motion is DENIED.

**Motion to Dismiss Indictment Due to Fifth Amendment Violation** (#228, filed October 20, 2011). This Motion is based on his previously, and frequent requests to be released on his own recognizance, and the arguments therefor. They are no more compelling now. This issue has been raised repeatedly and denied repeatedly. The Motion is DENIED.

IT IS SO ORDERED.

Dated: December 14, 2011.

_____
**Roger L. Hunt**
**United States District Judge**