**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                          )<br>                    Plaintiff,             )<br>                                                          )<br>     vs.                                             )<br>                                                          )<br>ERIC GRIFFIN,                             )<br>                                                          )<br>                    Defendant.        )<br>_____) | Case No. 2:09-cr-0493-RLH-RJJ<br><br>**O R D E R**<br>(Motion to Order Counsel–#247)<br>(Motion to Order Counsel–#249)<br>(Motion to Clarify Order–#245) |

        Defendant Griffin brings a *pro se* **Motion for Order for Counsel to Subpoena Records of Facts, [unreadable], Witnesses, Experts, and All Such** (#247, filed December 19, 2011), demanding that the Court order his counsel to subpoena the investigative results of Wells Fargo Bank, doctors results at Springfield Hospital, the Court's investigative reports, and makes other claims. The Court refuses to, and is not authorized to, order an attorney to subpoena persons or materials, even if the attorney had the need to do so. The Court will not interfere with an attorney's representation of his client. Particularly, with respect to Jason Carr's representation of Mr. Griffin, it has been exemplary and Griffin has provided only his allegation, no proof, of any lack of effective-ness of Mr. Carr.

        This Motion will be denied.

        Griffin also brings a *pro se* **Motion for This Court to Order Counsel Jason Carr to Subpoena the Following** (#249, filed December 20, 2011): which asks the Court to use its subpoena power to show the appeals court that the Department of Justice ordered the media not to be present at

1  Griffin's public hearing.  The Department of Justice did not and cannot issue such an order.  He also
2  claims that "agents and all related persons" have tampered, disregarded or stolen his legal mail to the
3  media.  First, mail to the media is not legal mail.  Furthermore, Griffin provides no evidence that such
4  occurred.
5          This Motion will be denied.
6          Griffin also brings a *pro se* **Motion to Clarify Order Granting Force Medication**
7  (#245, filed December 15, 2011), demanding under what statute the Court used to transfer him back
8  to Springfield, Missouri.  The Court's Order in that regard is sufficient and this Motion will be
9  denied.
10         IT IS THEREFORE ORDERED that Defendant Griffin's *pro se* **Motion for Order**
11 **for Counsel to Subpoena Records of Facts, [unreadable], Witnesses, Experts, and All Such**
12 (#247) is DENIED.
13         IT IS FURTHER ORDERED that Defendant Griffin's *pro se* **Motion for This Court**
14 **to Order Counsel Jason Carr to Subpoena the Following** (#249) is DENIED.
15         IT IS FURTHER ORDERED that Defendant Griffin's *pro se* **Motion to Clarify**
16 **Order Granting Force Medication** (#245) is DENIED.
17         Dated: January 4, 2012.

_____
**Roger L. Hunt**
**United States District Judge**